IN THE DISTRICT COURT OF
Payne County, Oklahoma
FILED
OCT 13 2016
By: LORI ALLEN, Court Clerk
                         Deputy

IN THE DISTRICT COURT OF PAYNE COUNTY
STATE OF OKLAHOMA

| | |
|---|---|
| JOHN FRAKES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. CJ-2016-452 |
| | ) |
| CHRISTOPHER LEE MOORE, an individual; | ) |
| PERIMETER TRANSPORTATION CO. LLC, a foreign limited liability corporation doing business in the State of Oklahoma and | ) |
| STATE AUTOMOBILE MUTUAL INSURANCE COMPANY, a foreign insurance company licensed and doing business in the State of Oklahoma, | ) |
| | ) |
| Defendants. | ) |

## PETITION

COME NOW the Plaintiff, John Frakes, and for his cause of action against the above named Defendants, allege and state as follows:

### JURISDICTION AND VENUE

1. Plaintiff John Frakes is a resident of Crescent, Oklahoma.

2. Defendant Christopher Lee Moore is a resident of Houlka, Mississippi.

3. Defendant Perimeter Transportation Co. LLC is a Tennessee limited liability company with residence in Memphis, Tennessee.

4. Defendant State Automobile Mutual Insurance Company is a foreign insurance company licensed and doing business in the State of Oklahoma.

5. Plaintiff alleges personal injury damages arising from a vehicle collision that occurred in Payne County, State of Oklahoma, giving this Court proper jurisdiction over the parties and subject matter.

EXHIBIT 2

6. Venue is proper with this Court.

## STATEMENT OF FACTS

Plaintiff hereby incorporates paragraphs 1 through 6, above, as though fully set forth herein.

7. On or about March 30, 2015 Defendant Christopher Lee Moore ("MOORE") was driving a semi-tractor trailer on State Highway 51 (6th Street) at its intersection with Washington Street in Stillwater, Payne County, State of Oklahoma.

8. MOORE was driving the semi-tractor trailer in the course and scope of his employment with Defendant PERIMETER TRANSPORTATION CO. LLC ("PERIMETER").

9. As MOORE was driving westbound, approaching the intersection with Washington Street, he failed to pay proper attention to traffic ahead of him that had stopped for a traffic signal at Washington Street.

10. As MOORE was driving westbound, approaching the intersection with Washington Street, he negligently failed to stop and collided with the rear of the vehicle driven by John Frakes ("FRAKES"), causing Frakes' vehicle to impact the vehicle in front of him.

11. As a result of the collision, Plaintiff FRAKES was seriously injured and suffered injuries which required bilateral shoulder surgery, a cervical discectomy, lumbar interbody fusion along with the need for scar revision surgery.

## FIRST CLAIM FOR RELIEF
### (NEGLIGENCE AND NEGLIGENCE PER SE- DEFENDANT MOORE)

Plaintiffs hereby incorporate paragraphs 1 through 11, above, as though fully set forth herein.

12. Defendant MOORE negligently operated his semi-trailer truck when he failed to devote his full time and attention and drove into the rear of the vehicle driven by FRAKES on State Highway 51 in Stillwater, Oklahoma.

13. Defendant MOORE'S negligent actions were in direct violation of local, state and/or federal law.

14. As a direct result of Defendant MOORE'S negligent actions, Plaintiff John Frakes was injured and has suffered damages as a result of his injuries.

### SECOND CLAIM FOR RELIEF
### (VICARIOUS LIABILITY)

Plaintiffs hereby incorporate paragraphs 1 through 14, above, as though fully set forth herein.

15. Defendant MOORE'S actions, as alleged in this Petition, were in the course of scope of his employment with Defendant PERIMETER.

16. Defendant PERIMETER is vicariously liable to Plaintiff for Defendant MOORE'S negligent actions.

17. Defendant PERIMETER is vicariously liable to Plaintiff for any punitive damages imposed by a judge or jury as a result of Defendant MOORE'S reckless actions.

### THIRD CLAIM FOR RELIEF
### (NEGLIGENCE-DEFENDANT PERIMETER)

Plaintiff hereby incorporates paragraphs 1 through 17, above, as though fully set forth herein.

18. Defendant PERIMETER was negligent in allowing its employee, Defendant MOORE, to operate a semi-trailer truck for work related matters while unable to provide his full time and attention to driving.

19. Defendant PERIMETER was negligent in the training and supervision of Defendant Moore as a semi-trailer truck operator.

20. As a direct result of Defendant PERIMETER'S negligent conduct, Plaintiff was injured and suffered damages as a result of his injuries.

### FOURTH CLAIM FOR RELIEF
### (INSURER'S DIRECT LIABILITY)

Plaintiff hereby incorporates paragraphs 1 through 20, above, as though fully set forth herein.

21. Defendant STATE AUTOMOBILE MUTUAL INSURANCE COMPANY ("STATE") insured Defendant perimeter and Defendant MOORE against property and casualty claims for the time period including March 30, 2015.

22. Pursuant to the Oklahoma Motor Carrier Act of 1995, Defendant STATE is bound by its policy insuring Defendant PERIMETER and Defendant MOORE to make compensation for injuries to the Plaintiff resulting from the vehicle collision between Plaintiff John Frakes and Defendants PERIMETER and MOORE.

23. As the insurer for Defendant PERIMETER and Defendant, MOORE, Defendant STATE is directly liable to Plaintiff for the acts and omissions of Defendant PERIMETER and Defendant MOORE.

### CONCLUSION

WHEREFORE, Plaintiff, John Frakes, demands judgment against the Defendants for the claims asserted in this Petition, with said judgment totaling an amount in excess of $75,000.00, including judgment interest, costs, attorney fees, and such other relief as this Court deems just and equitable.

Respectfully submitted,

MARTIN JEAN & JACKSON

By: _____
Scott R. Jackson, OBA # 17502
P.O. Box 2403
Ponca City, Oklahoma 74602
(580) 765-9967 Telephone
(580) 765-5433 Facsimile
sjackson@mjjlawfirm.com

**ATTORNEY LIEN CLAIMED**